IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CR-110-H
No. 5:15-CV-433-H

| | | |
|---|---|---|
| ANTONIO SHAKUR TUCKER, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the government's motion to dismiss petitioner's motion to vacate under 28 U.S.C. § 2255. [D.E. #52]. Petitioner has filed a response, and this matter is ripe for adjudication.

**BACKGROUND**

On September 10, 2013, petitioner pled guilty without a plea agreement to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 ("Count One"), and possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924 ("Count Two"). The indictment also alleged for purposes of Count One that petitioner had three previous convictions for violent felonies as defined in 18 U.S.C. § 924(e)(2)(B).

The presentence report which the court adopted as credible and reliable at petitioner's sentencing shows petitioner had

been convicted of at least three prior offenses of North Carolina breaking or entering under N.C. Gen. Stat. § 14-54(a). On December 10, 2013, the court sentenced petitioner to a term of imprisonment of 210 months on Count One and a concurrent term of imprisonment of 120 months on Count Two. Petitioner filed a notice of appeal. On June 5, 2014, the Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence. United States v. Tucker, 575 F.App'x 151 (4th Cir. 2014) (unpublished).

On August 27, 2015, petitioner filed a timely motion to vacate under 28 U.S.C. § 2255. Petitioner claims: (1) his sentence imposed pursuant to 18 U.S.C. § 924(e) violates due process in light of Johnson v. United States, 135 S.Ct. 2551, 2563 (2015) (holding that the imposition of "an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates the Constitution's guarantee of due process."); (2) his sentence was erroneous because it exceeds the statutory maximum of 18 U.S.C. § 922(g)(1); and (3) ineffective assistance of counsel pursuant to Strickland v. Washington, 466 U.S. 668, 687 (1984), for counsel's failure to inquire concerning the three predicate felonies used to increase petitioner's sentence. The government has moved to dismiss petitioner's motion to vacate for failure to state a claim for which relief can be granted.

2

**COURT'S DISCUSSION**

Title 18 U.S.C. § 924(e) provides "[i]n the case of a person who violates [18 U.S.C. § 922(g)] and has three previous convictions... for a violent felony...[,]" the person shall be subject to a minimum term of imprisonment of fifteen years. 18 U.S.C. § 924(e). A violent felony is in relevant part "any crime punishable by imprisonment for a term exceeding one year... that— ...is burglary[.]"

Here, the question presented is whether a person may be sentenced under the ACCA on the basis of at least three prior convictions for North Carolina breaking or entering under N.C. Gen. Stat. § 14-54(a). The Fourth Circuit Court of Appeals has answered this question affirmatively in United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014) (holding a conviction for violation of N.C. Gen. Stat. § 14-54(a) qualifies as an ACCA predicate offense under the enumerated offense of burglary set forth in 18 U.S.C. § 924(e)(2)(B)(ii)). Because the Fourth Circuit did not rely upon the residual clause in making this decision, the Supreme Court's decision in Johnson has no impact on petitioner's sentence under the ACCA. Therefore petitioner was properly sentenced under the ACCA on the basis of three or more prior convictions for violation of N.C. Gen. Stat. § 14-54(a).

3

Finding no error in petitioner's sentencing under the ACCA, he has failed to show a violation of his due process rights or his subjection to any unlawful sentence in excess of the statutory maximum on the basis of the court's application of a sentencing enhancement under the ACCA. Further, petitioner has failed to show counsel was ineffective under the Strickland test. To prove ineffective assistance of counsel, petitioner must first show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Strickland, 466 U.S. at 687-91. Notwithstanding petitioner's actual eligibility for an ACCA enhancement based on his three predicate convictions for violation of N.C. Gen. Stat. § 14-54(a) as discussed supra, petitioner's counsel objected to the application of an ACCA enhancement to preserve this issue for petitioner. For this reason, petitioner's claim that his counsel's performance was deficient is without merit.

## CONCLUSION

For the foregoing reasons and for reasons more fully set forth in the government's memorandum of law, the government's motion to dismiss, [D.E. #52], is GRANTED. Petitioner's motion to vacate, [D.E. #48], is DISMISSED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard

4

by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676,683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of petitioner's 28 U.S.C. § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 18 day of May, 2016.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34